# Martin Schuck, for Use of J. D. Potter, Plff. in Err., *v.* City of Pittsburgh.

A mandamus execution to the assignee of part of a judgment against a municipal corporation may be properly refused.

(Argued November 4, 1887. Decided November 11, 1887.)

October Term, 1887, No. 230, W. D., before GORDON, Ch. J., PAXSON, STERRETT, and WILLIAMS, JJ. Error to the Common Pleas No. 1 of Allegheny County to review the action of the court in refusing a mandamus execution to the assignee of a part of a judgment against a municipal corporation. Affirmed.

Martin Schuck obtained a verdict against the city of Pittsburgh on March 22, 1887, in the sum of $400 as damages for personal injuries suffered through negligence of defendant's officers in not keeping a board walk in repair. Judgment was duly entered on the verdict on May 13, 1887. On June 6, 1887, said Martin Schuck, plaintiff, assigned of record $150 of this judgment to John D. Potter. On July 14, 1887, the defendant city paid the full amount of the judgment to Martin Schuck, the plaintiff, or to his attorney, and declined to pay said assignee, John D. Potter. Said John D. Potter then petitioned the court on August 10, 1887, setting out above facts for a writ of mandamus execution, under the provisions of the act of April 15, 1834, directed to the city treasurer, to enforce the collection of his said judgment.

The court refused to grant said writ of mandamus execution, and on September 14, 1887, discharged the rule to show cause why the same should not issue. To this action of the court in refusing to award said mandamus execution, said assignee excepted, and took the present writ of error, assigning as error the action of the court: (1) In refusing to award plaintiff a mandamus execution; (2) in discharging the rule to show cause why a mandamus execution should not issue; (3) in discharging the rule for a mandamus execution as follows: "Rule discharged; to which petitioner excepts, and bill sealed."

*W. D. Moore* and *F. C. McGirr,* for plaintiff in error.—The court refused to allow the use plaintiff in this case to have execution against the defendant, on the ground, as orally stated, that a partial assignment of a claim against a municipality was of no validity, citing Philadelphia's Appeal, 86 Pa. 179; and Geist's Appeal, 104 Pa. 351.

It is submitted that these cases are not in point, for there the claims assigned were to several persons, and were unliquidated; and those decisions go expressly on the ground that where a municipal corporation enters into an entire contract with one to do certain work, and the said contractor assigns portions of that contract to several others, the city is not bound to recognize the assignments, because of the uncertainty of the amounts that may be finally due each assignee; and if said assignees should disagree as to the amounts due each, "it would subject its officers to vexatious annoyances, and the city to litigation and costs. . . . A municipal corporation should not be subjected to the embarrassments, responsibilities, and costs of adjudicating contracts to which it was not a party." Philadelphia's Appeal, 86 Pa. 179.

In the present case there is no uncertainty; the claim is liquidated; it does not arise upon a contract, but is an assignment of record of an exact sum—part of a judgment obtained against the city for a tort.

Where there is a judgment, the record is the proper place to give notice of its assignment. Coon v. Reed, 79 Pa. 240.

Payment to plaintiff, after notice of the assignment of a judgment, is not payment to the proper person. Guthrie v. Bashline, 25 Pa. 80.

Under the decision of this court, in case of Monaghan v. Philadelphia, 28 Pa. 207, the petition in the present case for a mandamus execution directed to the city treasurer was the proper proceeding. And see Troubat & H. Pr. § 1467.

There is no answer to the petition or to the rule to show cause, in this case.

It is said in Com. *ex rel.* Coon v. Floyd, 2 Pittsb. 425, that the act of April 15, 1834, gives as a matter of right, a mandamus execution to enforce a judgment against a county; and in Monaghan v. Philadelphia, that it is the proper and only way to enforce a judgment against a city.

*W. C. Moreland,* for defendant in error.—The assignee is a stranger on the record. The city owes him nothing. He can have no claim, saving that arising from the voluntary act of the plaintiff or claimant. Is the city bound to hunt up such persons and make investigation of matters wholly foreign to the litigation?

Is this partial assignment valid and binding upon the city?

In Philadelphia's Appeal, 86 Pa. 179, this court said: "The question now presented is whether such a corporation (municipal) is bound to recognize an assignment of a part only of its obligation. If it must one uncertain part, we see no just reason why it must not as many parts as the convenience or whim of the obligee shall induce him to assign. The probable and natural effect of holding the municipality liable to each assignee would subject its officers to vexatious annoyances and the city to litigation and costs. . . . The policy of the law is against permitting the individuals, by their private contracts, to embarrass the financial officers of a municipality. . . . A municipal corporation should not be subjected to the embarrassments, responsibilities, and costs of adjudicating contracts to which it was not a party."

The same doctrine is laid down by this court in Geist's Appeal, 104 Pa. 354.

PER CURIAM:

From all that we have before us, in this case, we cannot say that the court erred in refusing the mandamus prayed for.

The judgment is affirmed.

---

William A. McDevitt et al., Partners as W. E. McDevitt & Company, and George C. Wilcher, Plff. in Err., *v.* Moses Vial and Sarah His Wife, to the Use of Said Wife.

A married woman who has purchased personal property with funds raised by a public subscription and presented to her can hold such property, free from the claims of her husband's creditors.

Where an execution was issued against a husband on a judgment against